FILED

2017 Jul-05  PM 04:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**CRISTIAN MARTINEZ,**
**PLAINTIFF,**

**CIVIL ACTION NO.**

**V.**

**JURY TRIAL DEMANDED**

**BRITO'S SUPERMARKET #3,**
**LLC.,**
**AND**
**RENEIL BRITO,**

**DEFENDANTS.**

## COMPLAINT

### I.    JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.  District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(3) and 217 and 28 U.S.C. § 1331.  The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

### II.    PARTIES

2.    Plaintiff, Cristian Martinez (hereinafter "Plaintiff"), is a resident of Homewood, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case.  Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).

1

Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Northeastern Division.

3.      Defendant Brito's Supermarket #3 LLC (hereinafter "Defendant"), is a company registered and doing business in the State of Alabama.  Therefore, this Court has personal jurisdiction over Defendant.  Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

4.      Defendant, Reneil Brito (hereinafter "Defendant"), is an individual and owner of Brito's Supermarket #3 LLC of Alabama.") is a resident of the City of Maylene, Shelby County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Therefore, this Court has personal jurisdiction over Defendants. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

## III.   STATEMENT OF FACTS

5.      Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-4 above.

6.      Defendant hired Plaintiff on or about January 5, 2013.

7.      At the time of Plaintiff's employment in 2013, Defendants paid Martinez $300.00 per week, regardless of how many hours he worked.

2

8.      In 2014, Plaintiff received an increase in pay to $350.00 per week, regardless of how many hours he worked.

9.      In March of 2015, Plaintiff received an increase in pay to 500.00 per week regardless of how many hours he worked.

10.      In May of 2016, Plaintiff received an increase in pay to $600.00 per week regardless of how many hours he worked.

11.      From the time of his employment until he ultimately left his position with Brito's, Plaintiff was paid in cash by Reneil Brito.

12.      Defendant neither reported the pay they paid to Plaintiff to the Internal Revenue Service nor deducted payroll taxes as required by Federal and Alabama law.

13.      Defendant employed Plaintiff as a Butcher in the Brito's Supermarket stores located in Homewood, Alabaster, and Pelham, Alabama.

14.      At all times during the employment relationship, Defendants classified Plaintiff as an hourly paid, non-exempt employee.

15.      During the time of his employment, Plaintiff worked six days a week.

16.      Defendants created a fixed schedule and required plaintiff to work from 7:00 a.m. to 4:00 p.m.  with a one hour lunch break on four of his scheduled days.

17.     During the remaining two scheduled days of work each week, Defendants required Plaintiff to work 7:00 a.m. to 9:00 p.m., with a one hour lunch break.

18.     Defendants also regularly required Plaintiff to work past the scheduled end time of his shift when there was high volume or when other employees were late or unavailable to work.

19.     Plaintiff typically worked between 18 and 22 hours per week in overtime.

20.     During the three years preceding the filing of this complaint, Plaintiff typically worked over forty hours in a work week.

21.     Plaintiff was never paid overtime wages for the hours that he worked in excess of 40 in a work week.

## IV.    COUNT ONE – FLSA – Overtime Violations

22.     Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-21 above.

23.     During the three years preceding the filing of this Complaint, Defendant was an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

24.     During the three years preceding the filing of this Complaint, Defendant has been a company whose employees, including the Plaintiff, are engaged in

4

interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

25.     Defendant's gross annual volume of revenue exceeds $500,000.

26.     At all times relevant to this action, Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

27.     During the three years preceding the filing of this Complaint, Plaintiff, and all others similarly situated butchers were employees of Defendant as defined by 29 U.S.C. § 203(e)(1).

28.     Plaintiff and all similarly situated Butchers employed by Defendant were engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendant.  Plaintiff's interstate commercial activity included, but was not limited to, using products that originated out of state or outside of the United States and utilizing credit card and debit card transactions that crossed state lines.

29.     During the three years preceding the filing of this Complaint, Defendant recorded Plaintiff's hours worked in excess of forty hours for a work week on at least one or more occasion.

30.     Defendant failed to pay Plaintiff for all hours worked in excess of forty in a work week.

31.     Defendant regularly and routinely scheduled Plaintiff to work beginning at 7:00 a.m. each working day.

32.     Defendant regularly and routinely allowed Plaintiff only a 60-minute break to eat lunch on each working day.

33.     Defendant regularly and routinely required Plaintiff to work at least 8 hours each working day.

34.     Defendant regularly and routinely required Plaintiff to work Monday and Tuesday and Thursday through Sunday, a six-day work week.

35.     Defendant failed to pay Plaintiff for all of the overtime wages that he was owed for time worked in excess of 40 hours in a pay week.

36.     As the result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

37.     Defendant paid Plaintiff only $80.00 per day regardless of the number of hours worked.

## V.     PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.     The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

6

B.      This Court award Plaintiff the amount of his back overtime pay plus an additional equal amount as liquidated damages; nominal damages; and special damages;

C.      That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements, and interest; and

D.      For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

_____
Kira Fonteneau

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, AL 35205
205.252.1550 - Office
205.502.4476 - Facsimile

## PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

_____
OF COUNSEL

7

<u>SERVE DEFENDANTS AT:</u>

BRITO'S SUPERMARKET #3 LLC
118 GREEN SPRINGS HWY
HOMEWOOD, AL 35209-4904

REINEL BRITO
290 STONEY TRL
MAYLENE, AL 35114-5601
SHELBY COUNTY

8